IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVANNA TOWING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1419 |
| | ) | |
| v. | ) | United States District Judge |
| | ) | Terrence F. McVerry |
| ATLANTIC SPECIALTY INSURANCE | ) | |
| COMPANY, | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| Defendant. | ) | |

**MEMORANDUM ORDER**

**Cynthia Reed Eddy**, United States Magistrate Judge

Pending before the Court is a motion to intervene in this action filed by Frank Bryan, Inc. ("Bryan") and Georgetown Sand & Gravel, Inc. ("Georgetown") pursuant to Rule 24(a), or alternatively Rule 24(b), of the Federal Rules of Civil Procedure. (ECF No. 30). In accordance with Rule 24(c), the motion states the grounds for intervention and attaches the proposed complaint in intervention. (ECF No. 30-1). The motion has been fully briefed. (ECF Nos. 34, 42). For the reasons that follow, this motion for intervention will be granted.

This is a declaratory and breach of contract action involving an insurance coverage dispute relating to other pending actions in this Court, all of which are assigned to the undersigned for all pretrial proceedings.[1] Because the parties and the Court are familiar with the posture of these actions, the Court need discuss their procedural history at length. By way of background, however, the first action, 2:15-cv-475, was initiated by Raymond Robinson against Stevanna Towing, Inc. ("Stevanna"), Bryan, the M/V Timothy James. Stevanna subsequently joined Georgetown, and the Defendants asserted numerous crossclaims. Robinson, an employee

---

[1] There is also a claim for insurance bad faith, which by stipulation of the parties, and approval by the Court, has been severed and stayed.

1

of Stevanna, was injured while working as a crew member aboard the M/V Timothy James, which was owned by Bryan. Thereafter, two separate complaints for exoneration from or limitation of liability, pursuant to 46 U.S.C. §§ 30501-30512 and Rule F of the Supplemental Rules of Certain Admiralty or Maritime Claims were initiated: (1) 2:15-cv-1291 by Bryan and Georgetown, and (2) 2:15-cv-1308 by Stevanna. As a result of these limitations actions, the Robinson action was enjoined and stayed. Finally, the instant declaratory and breach of contract action was initiated at 2:15-cv-1419 by Stevanna against its insurer, Atlantic Specialty Insurance Company ("Atlantic Specialty"), pertaining to whether Stevanna is entitled to insurance coverage in the Robinson action. Bryan and Georgetown seek to intervene in this action.

Bryan and Georgetown contend that Stevanna was obligated to provide insurance coverage to Bryan and Georgetown as additional insureds on the various Stevanna policies, including the policies insuring the M/V Timothy James and any incidents involving the M/V Timothy James and its crewmembers. Bryan and Georgetown assert that this also includes the duty defend and indemnify Bryan and Georgetown as primary insureds under the policies relating the claims at issue in the Robinson action. In furtherance of the purported agreement of Stevanna to provide said insurance to Bryan and Georgetown, Certificates of Liability Insurance were issued on behalf of Stevanna and its affiliate to Bryan and Georgetown specifically providing *inter alia* that Bryan and Georgetown had been named as additional insureds under those various Stevanna insurance policies with respect to marine liabilities and other claims. Stevanna does not oppose Bryan and Georgetown's motion to intervene. Atlantic Specialty does.

Rule 24 of the Federal Rules of Procedure, entitled "Intervention of Right," provides in relevant part that, "[o]n timely motion, the court must permit anyone to intervene who … claims

an interest relating to the property or transaction that is subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). This rule has been interpreted to require that the movant satisfy all four of the following elements: (1) a timely application for leave to intervene; (2) a sufficient interest in the underlying litigation; (3) a threat that the interest will be impaired or affected by the disposition of the underlying action; and (4) that the existing parties to the action do not squarely represent the prospective intervenor's interests." Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005). The Court finds that all of these factors are satisfied.

When considering all of the circumstances in this action, the Court finds that the motion to intervene was timely filed within the deadline to add new parties, that no parties will experience prejudice by allowing Bryan and Georgetown's intervention, and that there has not even been a delay in the filing of this motion. See In re Fine Paper Antitrust Litig., 695 F.2d 494, 500 (3d Cir. 1982). The Court held a consolidated case management conference in the above-mentioned four actions in which all of the parties herein participated. As such, Atlantic Specialty's argument that the joinder of parties deadline is only applicable to Stevanna and Atlantic Specialty carries less weight, especially given that Bryan and Georgetown's counsel indicated at the conference that they may seek to intervene in this declaratory action. Moreover, even assuming *arguendo* that that this deadline is inapplicable to Bryan and Georgetown, the Court nevertheless finds that the motion is timely and that Atlantic Specialty will not suffer any prejudice as a result of said intervention.

Turning to the second element, Atlantic Specialty contends that Bryan and Georgetown have failed to demonstrate a sufficient interest in the underlying litigation. Attaching numerous

3

documents to its response, Atlantic Specialty asserts that Bryan and Georgetown are not additional insureds under the single policy at issue in this action, policy B5JH26060. However, when faced with a motion to intervene, the Court must accept as true the non-conclusory allegations made in support thereof, Palladino v. Corbett, 2014 WL 830046, *1 n. 1 (E.D.Pa. 2014), and here Bryan and Georgetown specifically allege and seek a declaration in their proposed complaint in intervention that they are additional insureds under this specific policy, see ECF No. 30-1. Consequently, when accepting this disputed fact as true, Bryan and Georgetown have satisfied the second element, and Atlantic Specialty's arguments are better suited to be considered at a later date. For this same reason, Atlantic Specialty's argument with regard to the third element—whether Bryan and Georgetown's interest will be impaired or affected by the disposition of the action—is unavailing at this time, given that we must accept Bryan and Georgetown's contention that they are additional insureds under the subject policy as true for purposes of this motion.

Finally, the Court finds that Bryan and Georgetown have satisfied the fourth element—that the existing parties to the action do not squarely represent the prospective intervenor's interests. Although Atlantic Specialty contends otherwise, the Court finds merit to Bryan and Georgetown's argument that, in light of the fact that Stevanna and Bryan and Georgetown have adverse interests in the other three pending related actions, which is evidenced by the numerous crossclaims therein, the existing parties to this action do not squarely represent Bryan and Georgetown's interests.

**AND NOW**, this 8th day of July, 2016, upon consideration of the parties' arguments made in connection with this pending motion, it is hereby **ORDERED** that the motion to intervene filed by Bryan and Georgetown (ECF No. 30) is **GRANTED**. Bryan and Georgetown

shall file their Complaint in Intervention **FORTHWITH**.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF