IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVANNA TOWING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1419 |
| | ) | |
| and | ) | United States District Judge |
| | ) | David S. Cercone |
| FRANK BRYAN, INC. and | ) | |
| GEORGETOWN SAND & GRAVEL, | ) | United States Magistrate Judge |
| INC. | ) | Cynthia Reed Eddy |
| | ) | |
| Intervenor-Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| ATLANTIC SPECIALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

**Cynthia Reed Eddy, United States Magistrate Judge**

Pending before the Court is a motion to intervene in this declaratory judgment action filed by Raymond Robinson pursuant to Rule 24(a), or alternatively Rule 24(b), of the Federal Rules of Civil Procedure. (ECF No. 49).[1] This motion largely mirrors a previous motion to intervene filed in this action by Frank Bryan, Inc. ("Bryan") and Georgetown Sand & Gravel, Inc. ("Georgetown") from June 1, 2016 (ECF No. 30), which the Court granted on July 8, 2016, (ECF No. 45).[2] However, as Defendant Atlantic Specialty Insurance Company's response in

---

[1] Although the Court does not have full consent of the parties in this action, the Court treats the pending motion as a pretrial non-dispositive motion under 28 U.S.C. § 636(b) and Rule 72(a) of the Federal Rules of Civil Procedure. See In re Gabapentin Patent Litig., 312 F. Supp. 2d 653, 661 (D.N.J. 2004) ("A ruling on a motion to intervene is typically treated as non-dispositive."); Dewey v. Volkswagen Aktiengesellschaft, 558 Fed. App'x 191, 198 n. 6 (3d Cir. 2014) ("[T]he Magistrate Judge considered the motion [to intervene] as a non-dispositive motion under 28 U.S.C. § 636(b), which empowers her to do so even absent consent of the parties.").

[2] The Court hereby incorporates the portion of this Memorandum Order which sets forth the procedural

1

opposition notes, Robinson, as an injury claimant in the underlying tort action, is not entitled to intervene as of right under Rule 24(a) or by permission under Rule 24(b) in this contractual declaratory-judgment coverage action where the only asserted ground for his intervention is that he might stand to gain some future economic benefit from a finding of coverage. (Def.'s Resp. in Opp'n, ECF No. 53) (relying on Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216 (3d Cir. 2005) ("[A] mere economic interest in the outcome of litigation is insufficient to support a motion to intervene. Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." (quoting Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995)). Defendant's response in opposition – which is succinct, cogent, and supported by authority – demonstrates that Robinson has failed to carry his burden in establishing the necessary elements for either intervention as of right or intervention by permission.[3] Accordingly, the Court fully adopts the reasoning set forth in Defendant's response in opposition, and holds that under Treesdale, Robinson is not permitted to intervene in this action under Rule 24(a) or Rule 24(b). Therefore, Robinson's motion to intervene is **DENIED**.

In accordance with 28 U.S.C. § 636(b), any party may object to this Order on or before

---

history of this action and the related actions at 2:15-cv-475, 2:15-cv-1291, 2:15-cv-1308. (ECF No. 45 at 1-2). The Court further notes that on September 30, 2016, Robinson initiated another action at 2:16-cv-1511 against Gary Lee Stanley, the Master of the M/V Timothy James, and marked it as related to these other actions.

[3] In particular, as to Rule 24(a), Defendant argues that this motion is unjustifiably untimely, as it was filed more than four months after Bryan and Georgetown's motion, and just six weeks before discovery in this case closes. It further correctly argues that under Treesdale, Robinson does not have a sufficient interest to justify intervention and that even if he did, Robinson cannot show that intervention is necessary to guard against an impairment of his interest. Additionally, Defendant notes that Robinson alleges no facts to support his conclusory assertions that his interests are not protected by Stevanna, Bryan, and Georgetown, who all have a serious interest in establishing that insurance coverage applies in the underlying action. Moreover, as to Rule 24(b), Defendant reiterates that the motion is untimely and that in any event, under Treesdale, Robinson's personal injury claims for tort liability in the underlying action do not have a common question of law or fact with this declaratory judgment action regarding the interpretation of an insurance contract between the entities that he sued to permit intervention.

November 2, 2016, which will be reviewed by the District Judge under a "clearly erroneous or contrary to law" standard.

**SO ORDERED**, this 19th day of October, 2016.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: The Honorable David S. Cercone
(*via CM-ECF*)

All counsel of record
(*via CM-ECF*)