IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| STEVANNA TOWING, INC., | )<br>)<br>) 2:15-CV-01419-CRE |
| Plaintiff, | )<br>) |
| And | )<br>) |
| FRANK BRYAN, INC. and GEORGETOWN SAND & GRAVEL, INC., and M/V TIMOTHY JAMES, | )<br>)<br>)<br>) |
| Intervenor Plaintiffs, | )<br>)<br>) |
| vs. | )<br>)<br>) |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Defendant, | ) |

**MEMORANDUM OPINION**[1]

Cynthia Reed Eddy, Chief United States Magistrate Judge.

This civil action was initiated in this court on October 30, 2015, by Stevanna Towing, Inc. ("Stevanna") against its insurer, Atlantic Specialty Insurance Company ("Atlantic"). On July 8, 2016, Frank Bryan, Inc. ("Bryan"), Georgetown Sand & Gravel, Inc. ("Georgetown"), and the M/V Timothy James, were granted permission to intervene as plaintiffs in this action (collectively,

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. (ECF No. 183).

1

"Intervenor Plaintiffs").   This court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1332.

Presently before the court are cross-motions for summary judgment filed by all parties. (ECF Nos. 186, 188, and 193).  For the reasons that follow, this Court grants Atlantic's motion for summary judgment and denies the motions filed by Stevanna and Intervenor Plaintiffs.

## I.     Factual and Procedural Background[2]

On October 8, 2014, Raymond Robinson was injured while working as a deckhand aboard the M/V Timothy James.[3]   Robinson filed a claim against Stevanna, Bryan, Bryan Materials Group,[4] and the M/V Timothy James, for injuries he sustained as a result of this accident pursuant to the Jones Act, 46 U.S.C. § 30104. Stevanna reported Robinson's accident to Atlantic, with which it maintained insurance.  Atlantic assigned a claims adjuster to investigate the accident and explore coverage.  On November 5, 2014, Atlantic sent a letter to Stevanna denying coverage, because the M/V Timothy James was not included in the schedule of vessels covered.

Thus, on October 30, 2015, Stevanna filed its initial complaint against Atlantic. (ECF No. 1).  In the first amended complaint ("FAC"), Stevanna averred it had three insurance policies with Atlantic, a Protection & Indemnity Policy ("P&I Policy"), a marine general liability policy ("MGL Policy"), and an excess policy ("Excess Policy"), all of which were issued on or about March 10,

---

[2] This case, and its related cases (docket numbers 2:15-cv-00475-CRE, 2:15-cv-01291-CRE, 2:16-cv-01611-CRE, and 2:15-cv-01308-CRE), have long procedural histories, much of which is not relevant to the issues at this juncture.  Accordingly, in this memorandum, the undersigned includes only the factual and procedural history necessary to understand the issues presented on summary judgment.

[3] Robinson was employed by Stevanna.  Joint Concise Statement of Undisputed Material Facts ("JCS") (ECF No. 190) at ¶ 29.  Bryan owned the M/V Timothy James and chartered it to Georgetown. *Id*. at ¶¶ 6-7.

[4] Bryan Materials Group is not a legal entity, but rather is a trade name used by Bryan, Georgetown, and affiliated entities. JCS (ECF No. 190) at ¶ 35.

2014.[5] (ECF No. 61). Stevanna set forth claims for declaratory judgment with respect each of the three policies,[6] as well as a claim each for breach of contract (Count Four) and bad faith (Count Five).[7] On July 8, 2016, Intervenor Plaintiffs were granted permission to intervene in this matter. (ECF No. 45). Intervenor Plaintiffs "allege that Stevanna was required to provide insurance coverage to them and their affiliates as additional insureds on various insurance policies of Stevanna, including policies insuring the M/V Timothy James, policies insuring incidents involving the M/V Timothy James and policies insuring crewmembers of the M/V Timothy James, and to defend and indemnify them as primary insureds under those policies with respect to the claims asserted in the Robinson Action."[8] Intervenor Plaintiffs' Amended Compl. (ECF No. 100) at ¶ 25. Thus, Intervenor Plaintiffs set forth claims for declaratory judgment (Count One), breach of contract (Count Two), and bad faith (Count Three) against Atlantic. *Id*.

After Atlantic filed answers[9] and discovery was completed, all parties filed motions for summary judgment, briefs in support thereof, and concise statements of material facts. (ECF Nos. 146-153). All parties also filed responsive briefs. (ECF Nos. 157-160, 165, 167). On April 24,

---

[5] *See* FAC (ECF No. 61) at ¶ 7 (referring to the P&I Policy), ¶ 8 (referring to the MGL Policy), and ¶ 9 (referring to the Excess Policy). The FAC details the allegations with respect to the P&I Policy, but does not mention the other two policies again until it sets forth Counts Two and Three of the FAC. *See id*. at ¶¶ 34-40.

[6] Count One was for declaratory judgment with respect to Policy B5JH26060 (P&I Policy), Count Two was for declaratory judgment with respect to Policy B5JH26038 (MGL Policy), and Count Three was for declaratory judgment with respect to Policy B5JH26039 (Excess Policy).

[7] On March 2, 2016, the parties stipulated to the severance of the of the bad faith claim. (ECF No. 24).

[8] Intervenor Plaintiffs only assert coverage under the P&I Policy. *See* Intervenor Plaintiffs' Amended Comp. (ECF No. 100) at ¶¶ 23-24, 28-30.

[9] Atlantic admitted it issued all three policies, but denied that it was required to provide coverage. *See* Answer to FAC (ECF No. 72) at ¶¶ 7-9, 34-40.

2020, this Court issued a Report and Recommendation granting Atlantic's motion for partial summary judgment, which dismissed both the claim for declaratory judgment with respect to the P&I Policy and the claim for breach of contract against Atlantic.[10] This Court also dismissed the declaratory judgment and breach of contract claims set forth by Intervenor Plaintiffs. (ECF No. 168). This Court denied the motions filed by Stevanna and Intervenor Plaintiffs. *Id.* On February 3, 2021, the Honorable David S. Cercone issued a memorandum order adopting this Court's report and recommendation.[11] (ECF No. 171).

Thus, on May 28, 2021, Atlantic filed a motion for summary judgment and brief in support thereof on the outstanding claims: 1) Stevanna's declaratory judgment claim with respect to the MGL Policy (Count Two); 2) Stevanna's declaratory judgment claim with respect to the Excess Policy (Count Three); and 3) and the bad faith claims filed by both Stevanna (Count Five) and Intervenor Plaintiffs (Count Three). (ECF Nos. 186, 187). Stevanna filed a motion for summary judgment, requesting the Court grant summary judgment in its favor with respect to the MGL and Excess Policies (Counts Two and Three). In addition, Stevanna moves for summary judgment on a breach of contract claim (Count Four) with respect to those two policies. Stevanna also moves for summary judgment on its bad faith claim (Count Five). (ECF Nos. 193, 185). In addition, Intervenor Plaintiffs have filed a motion for summary judgment on the MGL Policy and the Excess Policy. (ECF Nos. 188, 199). All parties have filed responses. (ECF Nos. 196, 197, 199). The motions are now ripe for disposition.

---

[10] At that time, the parties did not move for summary judgment with respect to either the MGL Policy or the Excess Policy.

[11] For clarity, judgment was entered in favor of Atlantic and against Stevanna regarding Counts One and Four of the FAC. Judgment was entered in favor of Atlantic and against Intervenor Plaintiffs regarding Counts One and Two of the Amended Complaint. See Memorandum Order (ECF No. 170) at 2.

## II.     Standard of Review

Summary judgment is appropriate when the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A genuine issue of material fact is one that could affect the outcome of litigation. *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *N.A.A.C.P. v. North Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"Cross-motions are merely claims by each side that it alone is entitled to summary judgment. They do not constitute an agreement that if one is denied the other is necessarily granted, or that the losing party waives judicial consideration and determination of whether genuine issues of material fact exist." *Canal Ins. Co. v. Sherman*, 430 F. Supp. 2d 478, 483 (E.D. Pa. 2006).  The initial burden is on the moving party to adduce evidence illustrating a lack of genuine, triable issues. *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)). Once the moving party satisfies its burden, the non-moving party must present sufficient evidence of a genuine issue, in rebuttal. *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 587). When considering the parties' arguments, the court is required to view all facts and draw all inferences in the light most favorable to the non-moving party. *Id.* (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). The benefit of the doubt will be given to allegations of the non-moving party when in conflict with the moving party's claims. *Bialko v. Quaker Oats Co*., 434 F. App'x

139, 141 n.4 (3d Cir. 2011) (citing *Valhal Corp. v. Sullivan Assocs.*, 44 F.3d 195, 200 (3d Cir. 1995)). "Where cross motions are pending, the paradigm applies separately to each of the cross motions." *Canal Ins. Co.*, 430 F. Supp. 2d at 483.

Nonetheless, a well-supported motion for summary judgment will not be defeated where the non-moving party merely reasserts factual allegations contained in the pleadings. *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 252 (3d Cir. 2010) (citing *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989)). The non-moving party must resort to affidavits, depositions, admissions, and/or interrogatories to demonstrate the existence of a genuine issue. *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 773 (3d Cir. 2013) (citing *Celotex Corp.*, 477 U.S. at 324).

**III.    Discussion**

*A.  Atlantic's Motion for Summary Judgment*

Atlantic moves for summary judgment against Stevanna on the three remaining claims in Stevanna's FAC: Count Two (declaratory judgment for the MGL Policy), Count Three (declaratory judgment for the Excess Policy), and Count Five (Bad Faith). (ECF No. 186). Atlantic also moves for summary judgment against Intervenor Plaintiffs on their sole remaining claim for bad faith (Count Three). *Id*. This Court begins with the claims for declaratory judgment, mindful of the following.

> An insured or an insurer may bring a declaratory judgment action in order to interpret the obligations of the parties under an insurance contract, including the question of whether an insurer has a duty to defend and/or a duty to indemnify a party making a claim under the policy.
>
> The first step in a declaratory judgment action concerning insurance coverage is to determine the scope of the policy's coverage. This is a legal question that can be resolved at the summary judgment stage.

> Under Pennsylvania law, an insurance contract is construed according to its plain meaning when the document is read in its entirety. In interpreting an insurance policy, a court must ascertain the intent of the parties as manifested by the language of the written agreement. The Court should not consider individual terms removed from their context, but should instead consider the entire contractual provision to determine the intent of the parties.

*NVR, Inc. v. Motorists Mut. Ins. Co.*, 371 F. Supp. 3d 233, 242 (W.D. Pa. 2019) (internal citations and quotation marks omitted). "Ordinarily in insurance coverage disputes an insured bears the initial burden to make a *prima facie* showing that a claim falls within the policy's grant of coverage, but if the insured meets that burden, the insurer then bears the burden of demonstrating that a policy exclusion excuses the insurer from providing coverage if the insurer contends that it does." *State Farm Fire & Cas. Co. v. Est. of Mehlman*, 589 F.3d 105, 111 (3d Cir. 2009).

### i. Waiver and Estoppel

At the outset, this Court considers Stevanna's arguments that Atlantic is estopped from asserting coverage defenses at this juncture because it never issued a declination of coverage and Atlantic's waiving its ability to assert the exclusions because it failed to plead them. Stevanna's Resp. (ECF No. 196) at 8-10 (unnumbered).

> As the Superior Court of Pennsylvania has noted, [t]he rule is well established that conditions going to the coverage or scope of a policy of insurance may not be waived by implication from the conduct or action of the insurer….
>
> Of equal importance, the Superior Court has held that [t]he doctrine of implied waiver is not available to bring within the coverage of an insurance policy, risks that are expressly excluded therefrom. In Pennsylvania, the doctrine of waiver or estoppel cannot create coverage where none existed. Thus, the doctrine of estoppel may not be used to affirmatively expand coverage under the insurance policies where none existed.

*Berkley Specialty Ins. Co. v. Masterforce Constr. Corp.*, 2021 WL 254002, at *4 (M.D. Pa. Jan. 26, 2021). Based on the foregoing, Stevanna's claims that Atlantic's failing to issue a denial of coverage prior to the litigation and the failure to plead an exclusion during the course of the

litigation precludes this Court from considering these arguments at this juncture. Accordingly, this Court will consider the merits of the arguments set forth by Atlantic.

### ii. The MGL Policy

According to Atlantic, this Court should grant summary judgment in its favor with respect to the MGL Policy because the MGL Policy does not provide coverage for injuries to Stevanna's own employees, such as Robinson. Atlantic's Br. (ECF No. 187) at 2-3. Stevanna contends that its "oral agreement relative to the M/V Timothy James" with respect to Intervenor Plaintiffs creates "an insured contract," which falls outside the exclusion. Stevanna's Br. (ECF No. 196) at 12 (unnumbered).

Here, it appears the parties agree that the MGL Policy language excludes liability for injury to an employee of Stevanna, and the parties agree that Robinson was indeed employed by Stevanna at the time of the injury. According to the MGL Policy, "[t]he exclusion does not apply to liability assumed by an insured under an 'insured contract.'" Stevanna's Resp. (ECF No. 196) at 7 (unnumbered). The term "insured contract" is defined as "[t]he part of any other contract or agreement pertaining to your business … under which you assume the tort liability of another party for 'bodily injury' … to a third person or organization." *Id*.

Upon review of the MGL Policy, *see* MGL Policy (ECF No. 61-1) at 41-42, it is clear that this policy does not require Atlantic to defend or indemnify a claim made by an employee of Stevanna injured during the course of employment. Stevanna's attempt to apply a different exclusion, the Contractual Liability exclusion, does not negate the fact that Robinson was an employee of Stevanna and that exclusion in and of itself negates coverage. *See id*. Accordingly, this Court grants Atlantic's motion for summary judgment in favor of Atlantic and against Steveanna with respect to Count Two of the FAC.

> iii. *Excess Policy*

Atlantic contends that the Excess Policy is inapplicable under these circumstances because this Court has already found there is no coverage under the P&I Policy, which is a requirement under the terms of the Excess Policy. Atlantic's Br. (ECF No. 187) at 4-5.  It is Stevanna's position that because there is coverage under the MGL Policy, there is also coverage under the Excess Policy. Stevanna's Resp. (ECF No. 195) at 4 (unnumbered).  Having concluded previously that there is no coverage under the P&I Policy, and having concluded *supra* that there is no coverage under the MGL Policy, it is clear that there is also no coverage under the Excess Policy. Accordingly, this Court grants summary judgment in favor of Atlantic and against Stevanna with respect to Count Three of the FAC.

> iv. *Bad Faith Claims*

Atlantic also moves for summary judgment with respect to the bad faith claims set forth by both Stevanna and Intervenor Plaintiffs.  According to Atlantic, this Court's holding that there is no liability under the P&I Policy is dispositive of the bad faith claim. Atlantic's Br. (ECF No. 187) at 5-6.  Stevanna "recognizes the abstract proposition that there can be no bad faith in the absence of coverage." Stevanna's Resp. (ECF No. 196) at 17 (unnumbered).  However, it contends that because there is coverage under both the MGL and Excess Policies, this Court should deny summary judgment with respect to the bad faith claim. *Id.*  Intervenor Plaintiffs do not respond to this claim. *See* Intervenor Plaintiffs' Resp. (ECF No. 199).

In Pennsylvania, the law is clear that a bad faith claim fails where a court concludes there is no potential coverage under the policy. *See USX Corp. v. Liberty Mut. Ins. Co.*, 444 F.3d 192, 202 (3d Cir. 2006) (granting "summary judgment in favor of Liberty Mutual on [bad faith] claim because USX's bad faith claim necessarily fails in light of [the court's] determination that Liberty

9

Mutual correctly concluded that there was no potential coverage under the policy"). Thus, because this Court concludes that there is no coverage for Robinson's claim under any of the three policies at issue, the bad faith claims by both Stevanna and Intervenor Plaintiffs also fail. Accordingly, Atlantic's motion for summary judgment with respect to Stevanna's bad faith claim (Count Five) and Intervenor Plaintiffs' bad faith claim (Count Three) is granted.

B. *Stevanna's Motion for Summary Judgment*

Stevanna moves for summary judgment against Atlantic on its claim for declaratory judgment with respect to the MGL Policy (Count Two) and the Excess Policy (Count Three). Stevanna's Br. (ECF No. 185) at 2 (unnumbered). Because this Court concluded *supra* that there is no coverage under these policies, Stevanna's motion for summary judgment is denied.[12]

C. *Intervenor Plaintiffs' Motion for Summary Judgment*

Intervenor Plaintiffs move for summary judgment with respect to the MGL and Excess Policies.[13] *See* Intervenor Plaintiffs' Br. (ECF No. 189) at 2. However, having declared that Robinson's claim is not covered under either policy, Intervenor Plaintiffs' motion for summary judgment is denied.

**IV. Conclusion**

---

[12] Stevanna further contends that if this Court grants summary judgment in its favor with respect to the two policies, it should also conduct further proceedings on the breach of contract and bad faith claims. Stevanna's Br. (ECF No. 185) at 2 (unnumbered). However, under these circumstances, that is not necessary.

[13] In the Memorandum Order adopting this Court's Report and Recommendation, the Court dismissed Counts One and Two of Intervenor Plaintiffs' Amended Complaint. Intervenor Plaintiffs appear to be reviving those claims here under the guise of these other policies. Assuming *arguendo* the Intervenor Plaintiffs' Amended Complaint set forth claims for declaratory judgment under these policies, this Court would deny summary judgment as discussed *infra*.

Based on the foregoing, Atlantic's motion for summary judgment is granted, and Counts Two, Three, and Five of the FAC are dismissed. In addition, the motions for summary judgment filed by both Stevanna and Intervenor Plaintiffs are denied.

An appropriate Order follows.

Dated: June 15, 2021           .                    BY THE COURT:

                                                    s/ Cynthia Reed Eddy

                                                    Chief United States Magistrate Judge

cc:     Counsel of record
        *via electronic filing*